Mr. Justice Wylie
delivered the opinion of the court:
This action was brought by the plaintiff to recover damages for an injury produced by carelessness on the part of the defendant’s agents in running a train of cars by which he was knocked over and one of his feet crushed. '
The accident happened within the limits of the city, and on the track of the Washington and Alexandria Railroad Company.
At the close of the plaintiffs evidence-in-chief, the court *289 instructed the jury to find a verdict for the defendant, on the ground that if the plaintiff was entitled to recover damages at all, it must be from the Washington and Alexandria Company, and not from this defendant, to which ruling of the court the plaintiff excepted.
(The evidence on behalf of the plaintiff will be found in the preceding statement of the case.)
The ground upon which the court held that the defendant was not liable, consisted of the single fact that between Alexandria and Washington “ the entire train was exclusively under the control of the conductor of the Washington and Alexandria Railroad Company, running exclusively according to the time and regulations prescribed by the Washington and Alexandria Company, and not subject to any other control.’’
The train, however, was a through-train from Lynchburgh to Washington, was owned and run by the defendants, and all the officers and servants upon it except only the conductor, whose duties began at Alexandria and terminated here, were those of the defendant. There was no evidence to show that this conductor had given any directions to the engineer as to the rate of speed to be given to the train, at or before the time of the accident, or had assumed to interfere with him in any manner. There was evidence tending to prove that the train was going at a greater rate of speed than it had a right to run, and that the accident was the result of misconduct on the part of the engineer alone. (See plaintiff’s evidence on cross-examination.) In some respects the duties of the conductor of a train are like those of the master of a ship; and those of the engineer resemble those of the pilot. The time of starting, the points at which to stop, the collection of fares, and the general control as to the rate of speed, belong to the conductor. But the duty of vigilance to avoid danger, the control of the engine, and the post of outlook against accidents, belong to the engineer. Should the order of the conductor be that the train be run at a certain rate of speed, it would be the duty of the engineer to comply with such order; but it is, on the other hand, also the duty of the engineer so to obey the order as that acci *290 dents shall be avoided, and to this extent his authority is paramount to that of the conductor.
In the present case there is no evidence tendiug to prove the slightest negligence on the part of the conductor. If there was negligence anywhere, it was the negligence or misconduct of the engineer which caused the injury to the plaintiff.
This brings us to the point as to which of these two companies the engineer was the servant or agent of at the time it happened. And on this point there exists no doubt upon the evidence. The train itself was that of the defendant; and the engineer and every other person employed were paid by the defendant, except only the conductor who had come upon it at Alexandria. The accident was the result of no neglect of duty, if any such neglect existed anywhere, on the part of the conductor, but solely on the part of the engineer. It follows that the liability, if any, falls upon the defendant, in whose service he was at the time.
Judgment reversed, and a new trial awarded.